[See Cases Nos. 6,897 and 6,898.]

HUNT (FISKE v.). See Case No. 4,831.
HUNT (HAMMOND v.). See Case No. 6,003.

## Case No. 6,890.

### HUNT v. HOLMES et al.

[16 N. B. R. (1878) 101.] [1]

District Court, D. Massachusetts.

SET-OFF — DEBTS BOUGHT ON A SPECULATION — KNOWLEDGE OF SUSPENSION—COMPOSITION WITH BANKRUPT DEBTOR.

1. A court of equity will not aid a debtor to a bankrupt's estate to set off debts bought upon a speculation of the probable dividends against the debt he owes the estate.

2. Knowledge that a merchant has suspended payment generally includes a constructive knowledge of each particular suspension.

3. A creditor who receives a composition from his bankrupt debtor with full knowledge of all facts is not entitled afterwards to require a set-off to be enforced by a court of equity which he had opportunity to assert at the time the composition was made.

4. The courts of law in Massachusetts have authority to adjust credits.

This bill was filed by W. P. Hunt against [E. O.] Holmes & Blanchard, alleging that he holds their notes to the amount of eighteen thousand dollars and over; that Holmes & Blanchard brought an action against him in the supreme judicial court for Suffolk county for breach of contract; that he denied all liability, and defended the action; that, before the cause was tried, the defendants in this suit, plaintiffs in the action, became bankrupt, and made a statute composition with their creditors in March, 1876, by which they were to pay forty per cent. in six, ten, fourteen, and eighteen months, and have tendered the plaintiff and have left with him, though he refused the tender, money and notes amounting to forty per cent. of his debt against them; that afterwards, in September, 1876, a verdict was recovered against him by said Holmes & Blanchard for twelve-

[1] [Reprinted by permission.]

thousand dollars, in the action of contract, and that the court have overruled his exceptions; that it was the right of the plaintiff to have a set-off in that action, or in the composition proceedings, but the bankrupts intend to levy the judgment in full; and the bill prays that they may be enjoined from doing this, and that the account may be stated, and the balance only be allowed or paid. There was an oral hearing on the motion for an injunction, in which the evidence tended to show that Holmes & Blanchard failed in October, 1875; that an informal meeting of their creditors was called, and a committee was appointed, who at an adjourned meeting recommended a compromise at forty per cent.; that some creditors objecting, an involuntary petition in bankruptcy was filed against Holmes & Blanchard, December 27, 1875; that they offered a composition of forty per cent., part in cash and part in notes, indorsed by a solvent merchant, and a resolution to accept it was duly passed; that the plaintiff, Hunt, acting for a company of which he was the agent, opposed the order to record the resolutions, and when the order was made, applied to the circuit court to set it aside, but it was confirmed in that court, May 27, 1876, and Hunt received the money and indorsed notes for forty per cent. of his debt of eighteen thousand dollars. The debt which he held had been bought after Holmes & Blanchard had stopped payment, as he and the sellers well knew, but whether before the petition in bankruptcy, or before a known act of bankruptcy, and whether with a view to use them in set-off or otherwise affect the proceedings in bankruptcy, was controverted.

R. D. Smith, for plaintiff.
E. Morwin, for defendants.

LOWELL, District Judge. The injunction must be refused. 1. The set-off is not one which a court of equity will interfere to enforce. Section 6 of the statute of 1874 (18 Stat. 179), amending the law of bankruptcy, forbids a set-off of debts bought after the act of bankruptcy upon which the adjudication shall be made and with a view to such set-off. This has been understood to mean that a debtor, having notice or knowledge of an act of bankruptcy committed by his creditor, shall not afterwards buy up debts against the creditor, with a view to set them off in case adjudication of bankruptcy follows the act. Before this amendment there was a serious difference of opinion in the courts upon the question whether a debt bought after a known insolvency and before actual bankruptcy could be set off. Congress certainly seems by the amendment to say, by a necessary implication, that debts bought after insolvency may be so set off, unless they are bought after an act of bankruptcy, and after the very act which is the foundation of the decree and with a view to such set-off. The act of bankruptcy charged against Holmes & Blanchard was the suspension for forty days of a note, payable October 6, 1875. The plaintiff bought notes amounting to eighteen thousand dollars, with knowledge of the failure of Holmes & Blanchard, and for the same price which they had offered in composition, except that interest began earlier; but some of the notes were bought within the forty days; and the plaintiff testified that he had no intention of setting the notes against the debt or cause of action upon which he was sued and to which he believed he had a perfect defense on the merits. Knowledge of a general suspension includes, I think, constructive knowledge of each suspension, because the whole includes its parts, and as it is only a general suspension that is an act of bankruptcy, the particular note or notes mentioned in the petition for adjudication are to be taken as samples or indications of the general fact of which the plaintiff had notice. Whether notice of an incomplete act of bankruptcy is enough, may be a question: and whether "a view to such set-off" means an actual intent at the time of purchase. However these questions may be answered, a court of equity ought not to interfere by injunction to enforce a set-off when the debt has been bought after insolvency on a speculation as to the probable dividend. The decisions to which I have before referred, which denied the right of set-off in such cases, though they may not conform to the present state of the statute, are grounded in a clear and strong equity which cannot be disregarded when the discretionary action of the court is invoked.

2. The plaintiff has waived any set-off he may have had. The composition was offered, and was litigated with this plaintiff, though he acted in a representative capacity; the notes which he held were supposed to belong to the bankers from whom he had bought them. He gave no notice that he was the true creditor; made no attempt to have the accounts adjusted; when the composition was finally passed, he received his proportionate part. He says in his bill that he refused the tender, but there was no evidence of a refusal. The law is that one who proves a debt in full, with knowledge of all facts, waives any set-off he may have. Stammers v. Elliott, 3 Ch. App. 195; Brown v. Farmers' Bank, 6 Bush, 198. In composition, creditors are not bound to attend the meetings, and prove their debts, and vote for or against the resolutions, unless they choose to do so. but when there are disputed accounts and maters to be liquidated and adjusted, I do not know that it is more the duty of the debtor than of the creditor to move the court for a settlement. Here it was at the election of the plaintiff to take his dividend on the notes which he had bought and of the purchase of which he had never notified Holmes & Blanchard, so that, in fact, he alone had the opportunity to apply for the set-off. When he

took his dividend he waived his claim of set-off, and there is no evidence that he received the money or indorsed notes under protest, or by mistake, or under any other circumstances which would entitle him to a rehearing or readjustment.

3. The remedy at law is adequate. It was not uncommon in early times for the court of chancery or bankruptcy to grant an injunction until a set-off was adjusted; but the courts of law in which an action is pending have now full jurisdiction of the subject. It was said that the statute in Massachusetts does not permit a set-off of debts bought after an action is begun; but the bankrupt law is binding on the courts of Massachusetts, and if it be true, as I do not doubt it to be, that when a plaintiff has become bankrupt, the defendant may, upon some proper terms, bring into court whatever set-off the broad and liberal doctrine of mutual credit admits, then the courts of law of the state are as competent, and, for aught that appears, as ready to afford relief as those of equity or bankruptcy. I certainly should not assume the contrary until the experiment had been tried. Motion for injunction denied.